GOTTLIEB, RACKMAN & REISMAN, P.C.

COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N. Y. 10016-0601

PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
MARIA A. SAVIO
MARC P. MISTHAL
BARRY R. LEWIN
MITCHELL S. FELLER

COUNSEL
DIANA MULLER*

*MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA L. MIRMAN
JONATHAN M. PUROW
JASON R. WACHTER
JONATHAN A. MALKI
MICHAEL NESHEIWAT
DAVID D. RODRIGUES

PATENT AGENT
ZOYA V. CHERNINA

OF COUNSEL
GEORGE GOTTLIEB
JAMES REISMAN
DAVID S. KASHMAN
TIBERIU WEISZ
SILVIA SALVADORI

June 20, 2016

**Via ECF**

Hon. Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  FC Online Marketing, Inc. v. Burke's Martial Arts, LLC, John Jacob Burke
 Civil Action No. 2:14-CV-3685 SJF- SIL

Dear Judge Locke:

We are counsel to defendants Burke's Martial Arts, LLC ("BMA") and John Jacob Burke in the above-referenced matter.  We move to compel the deposition of a Fed. R. Civ. P. 30 (b)(6) designee of Plaintiff FC Online Marketing, Inc. ("FCOM") prior to the close of discovery on June 29, 2016.  We have met our obligations to make a good-faith effort to resolve this dispute, as required by your Individual Rules §4 (A)(i) and Local Civil Rule 37.3 (a), through the extensive email correspondence discussed below and attached hereto, and an unsuccessful attempt to reach Plaintiff's counsel by phone on June 17.

On June 10, 2016, Defendants served a Notice of Deposition of Plaintiff FC Online Marketing Inc. pursuant to Fed. R. Civ. P. 30 (b)(6) to Plaintiff's counsel, and sent a courtesy copy via email.[1]  The notice set June 21 as the date of the deposition.  We explained to Plaintiff's counsel that we would coordinate a mutually agreeable date for the deposition if Plaintiff was unavailable on the date set in the notice.

Plaintiff's counsel has stated that there are no dates prior to the close of discovery on June 29 that are acceptable to him and his client for the deposition.[2] More specifically,

---

[1] A copy of the Notice of Deposition is attached as Exhibit 1. Plaintiff's counsel confirmed receipt of the email promptly, and was thus aware of the contents of the notice on June 10.
[2] A copy of the email chains between the parties' counsel relating to the scheduling of the deposition are attached as Exhibit 2.

Hon. Steven I. Locke
United States District Court
June 20, 2016
Page 2

Plaintiff's counsel has stated that he is on a planned vacation from June 17 to June 24. As for June 27 through 29, Plaintiff's counsel initially wrote that "Mr. Parrella," the principal of Plaintiff, was unavailable on those dates.  Only after exchanging further correspondence did Plaintiff explain that his "client's designated 30(b)(6) deponent" was unavailable those days.  Plaintiff did not elaborate as to why Mr. Parrella was unavailable from June 27 through June 29 except to state that his designated deponent is busy and on vacation in July, so the next available dates for the deposition are August 15, 16, 18 and 30th, two months after the date of the notice.  Regardless of that first availability in August, Plaintiff's counsel stated that he would oppose any request that we might make to extend the deadline for discovery until the dates that his designee is available for the deposition, and thus we could not proceed with a deposition even on said August dates.

In an email dated June 15, Plaintiff argued that "the notice you provided is **not reasonable** under Federal Rules of Civil Procedure 30(b)(1)."  However, the Notice of Deposition was served 11 days before the deposition date set forth therein, and we advised Plaintiff that we are available to conduct the deposition on any of the days during the 19 day period from the notice to close of discovery.  Periods of time less than 19 days have repeatedly been found to constitute reasonable notice by the courts.  *See Jones v. United States*, 720 F.Supp. 355 (S.D.N.Y. 1989) (8 days found to be reasonable notice of a deposition).  *See* 4-100 Federal Trial Guide § 100.51 ("Generally, the courts have found five days notice to be sufficient").

Furthermore, it is insufficient for Plaintiff to simply state that Mr. Parrella is unavailable from June 27 through June 29, because a court can compel a party to select a designee and educate that individual in accordance with its duty under Rule 30 (b)(6). *See Wultz v. Bank of China*, 298 F.R.D. 91 (S.D.N.Y. 2014).  The testimony elicited at the 30(b)(6) represents the knowledge of the corporation, not of the individual deponents. *Twentieth Century Fox Film Corp., v. Marvel Enter., Inc.*, 2002 U.S. Dist. LEXIS 14682, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996)).  If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare other designees so that they may give knowledgeable and binding answers for the corporation." *Id.*

This deposition is necessary to support the Defendants' defenses in this action, and the counterclaims, and to fill in the gaps of Plaintiff's responses to document demands.  For example, Defendants propounded document requests relating to the copyrights in the testimonials that Plaintiff asserts Defendants have infringed, and

Hon. Steven I. Locke
United States District Court
June 20, 2016
Page 3

Plaintiff's responses stated that there were no responsive documents in its possession. Therefore, the most efficient and effective means to determine the breadth of the copyright allegedly owned by Plaintiff and asserted in this action is through a deposition. Defendants have yet to depose any representative of the Plaintiff, while Plaintiff already conducted a 7 hour deposition of the Defendants.

As noted in our Opposition to Plaintiff's Motion to Strike (Dkt. No. 94), which remains pending, this lawsuit continues Plaintiff's pattern of behavior by which Plaintiff sabotages or sues parties that he personally dislikes, or with whom he has a competing business interest. As is evident from the history of this litigation, Plaintiff's strategy in this action has been to repeatedly obstruct Defendants' efforts, even over trivial procedural matters. It employs these tactics to: (i) bully Defendants, who possess fewer resources and (ii) obscure the fact that it brought a lawsuit with numerous frivolous claims which for the most part have either been dismissed by the Court or withdrawn by the Plaintiff.

We respectfully request that the Court direct Plaintiff's to produce a 30 (b)(6) deponent prior to the close of discovery on June 29, 2016. While we have no objection to proceeding in August, all of the dates in the Court's Scheduling Order would have to be reset. Obviously, a Court ordered deposition date before the close of discovery would be preferable.

Respectfully submitted,

GOTTLIEB RACKMAN & REISMAN, P.C.

Maria A. Savio
Marc P. Misthal
Jonathan M. Purow
*Attorneys for Defendants John Jacob Burke and Burke's Martial Arts, LLC*

CC:   Carlos A. Leyva, Esq. (via ECF and email)
      *Attorney for Plaintiff FC Online Marketing, Inc.*

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FC ONLINE MARKETING, INC.,** | **Civil Action No. 2:14 CV 3685 SJF (SIL)** |
| **Plaintiff,** | |
| **v.** | **ECF CASE** |
| **BURKE'S MARTIAL ARTS, LLC, JOHN JACOB BURKE** | |
| **Defendants.** | |

**DEFENDANTS' NOTICE OF DEPOSITION OF**
**FC ONLINE MARKETING, INC.**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Defendants will take the deposition upon oral examination of one or more designee(s) of FC Online Marketing, Inc. having knowledge of the subjects listed in Exhibit A.  Such deposition shall be held on June 21, 2016 at 10:00 a.m. and continue until completed, at the offices of Gottlieb, Rackman & Reisman, P.C., located at 270 Madison Avenue, 8th Floor, New York, New York 10016.   Pursuant to Fed. R. Civ. P. 30(b)(2), Defendants request that Plaintiff produce the documents listed in Exhibit B at the deposition.  The deposition will be recorded by stenographic means.

Dated: New York, New York
　　　　June 10, 2016

　　　　　　　　　　　　　GOTTLIEB, RACKMAN & REISMAN, P.C.

　　　　　　　　　　　　　By:____/s/ Maria A. Savio_____
　　　　　　　　　　　　　　　　　Maria A. Savio
　　　　　　　　　　　　　　　　　Marc P. Misthal
　　　　　　　　　　　　　　　　　Jonathan M. Purow
　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

1

## EXHIBIT A

### Definitions

The following definitions shall apply for purposes of these Exhibits A and B:

1. "Plaintiff" shall mean and include FC Online Marketing, Inc., Michael Parrella and every other person, legal counsel or entity acting on their behalf.

2. "CP Website" shall mean the website located at the domain www.ilovekickboxingcarlesplace.com.

3. "CP Deposit" shall mean the deposit copy submitted in conjunction with the application that resulted in U.S. copyright registration No. TX 7-591-014.

4. "CP Application" shall mean the application that resulted in U.S. copyright registration No. TX 7-591-014.

5. "CP Registration" shall mean U.S. copyright registration No. TX 7-591-014.

6. "Testimonials" shall mean the customer testimonials provided by the individuals Andrea Perkins, Renee Older, Jocelyn Diaz, Kristen Brandt, Jessica Ferraiuolo, Nicole Cindrel, Diane Ramirez, Susan Gibson, Michael Parrella, Christine Cali and Daniella Abruzzo in the CP Deposit.

7. "Individuals" shall mean Andrea Perkins, Renee Older, Jocelyn Diaz, Kristen Brandt, Jessica Ferraiuolo, Nicole Cindrel, Diane Ramirez, Susan Gibson, Michael Parrella, Christine Cali and Daniella Abruzzo.

8. "Rowe" shall mean Mr. Walter Rowe, the proprietor of a kickboxing studio in Cranston, Rhode Island.

9. "Burn Kickboxing" shall mean Burn Kickboxing, Inc., a kickboxing studio currently located at 7575 Buckley Road, north Syracuse, New York 13212.

### Matters On Which Examination Is Requested

1. The relationship between Plaintiff and each of the Individuals.

2. The creation of the Testimonials.

3. Plaintiff's acquisition of any rights in the Testimonials.

4. The author of any and all text, editing, artwork and photographs contained in the CP Deposit.

5. The creation of the work that comprises the CP Deposit.

6. Versions of the CP Website published prior to October 31, 2011.

7. The preparation, filing and prosecution of the CP Application, including, but not limited to, any correspondence with the Copyright Office relating to the CP Application, CP Deposit and/or CP Registration..

8. Plaintiff's relationship with Rowe.

9. Technical problems relating to the websites of FCOM customers, licensees and/or franchisees from January to May 2014.

10. Actions by Plaintiff to harm the business of any of its licensees, franchisees or customers.

11. Plaintiff's relationship with Burn Kickboxing.

12. The allegations in the Amended Complaint.

13. The allegations in the Counterclaims.

**EXHIBIT B**

Requests for Production of Documents

1. Documents sufficient to identify the nature of the business, licensing or franchise relationship between Plaintiff and Rowe for all times from January 1, 2012 through December 31, 2014.

2. All correspondence between Plaintiff and Rowe relating to the opening of a kickboxing studio location in Cranston, Rhode Island.

3. All correspondence between Plaintiff and Rowe relating to either of the Defendants.

4. All correspondence between Plaintiff and Burn Kickboxing from September 1, 2015 through April 30, 2016.

5. All internal communications of Plaintiff relating to actions taken by Plaintiff to harm Defendants' business, including but not limited to the placement of Defendants' website in search engine results.

6. All internal communications of Plaintiff relating to actions taken by Plaintiff to harm the business of any of Plaintiff's licensees, franchisees or customers, including but not limited to the placement of said parties' website in search engine results.

7. All internal communications of Plaintiff relating to actions taken by Plaintiff to harm Burn Kickboxing's business, including but not limited to the placement of said parties' website in search engine results.

8. All documents that Plaintiff intends to rely on to support the remaining claims of copyright infringement and cybersquatting in the instant action.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing NOTICE OF DEPOSITION was served by First Class Mail and Electronic Mail on June 10, 2016, on the attorneys for Defendant, listed below:

Carlos Leyva

The Digital Business Law Group P.A.

1001 Starkey Rd. #18

Largo, FL 33771

cleyva@digitalbusinesslawgroup.com

____/s/ Jonathan M. Purow_____

EXHIBIT 2

**Jonathan Purow**

---

| | |
|---|---|
| **From:** | Carlos A. Leyva <cleyva@digitalbusinesslawgroup.com> |
| **Sent:** | Friday, June 17, 2016 6:10 PM |
| **To:** | Jonathan Purow |
| **Cc:** | Marc Misthal; Maria Savio |
| **Subject:** | Re: Michael Parrella's Deposition Availability? |

I told numerous times that I was leaving the country.

What about that did you not understand ?

Sent from my iPhone

On Jun 17, 2016, at 11:23 AM, Jonathan Purow <jpurow@grr.com> wrote:

> Carlos,
>
> We called this morning to discuss the scheduling of the deposition, but were informed that you were unavailable.
>
> <image001.jpg>Best regards,
> **Jonathan M. Purow**
> <image002.jpg>  +1 212 684 3900 ext. 261
>
>
> **From:** Carlos Leyva [mailto:cleyva@digitalbusinesslawgroup.com]
> **Sent:** Thursday, June 16, 2016 2:24 PM
> **To:** Maria Savio
> **Cc:** Jonathan Purow; Marc Misthal
> **Subject:** Re: Michael Parrella's Deposition Availability?
>
> I don't understand your comment about being disingenuous. I have made clear all along, on multiple occasions, that there was no dates available given the late notice.
>
> Proceed accordingly.

Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone: (800) 516-7903
Fax:     (800) 257-9128

On Thu, Jun 16, 2016 at 1:38 PM, Maria Savio <msavio@grr.com> wrote:

I guess of early this morning was disingenuous, there is no way we can work this out, and we will have to go to the Magistrate and get a court ordered date for deposition of your witness.

Maria Savio

<image009.png>

270 Madison Avenue
New York, NY 10016
Phone: (212) 684-3900 Ext.250

http://www.grr.com/

<image010.png>   <image011.png>   <image012.png>

**From:** Carlos Leyva [mailto:cleyva@digitalbusinesslawgroup.com]
**Sent:** Thursday, June 16, 2016 1:35 PM

**To:** Maria Savio
**Cc:** Jonathan Purow; Marc Misthal
**Subject:** Re: Michael Parrella's Deposition Availability?

No dates work for us prior to end of discovery.

Had you provided notice sooner I am quite certain we would have been able to work something out.

Regards,

Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone: (800) 516-7903
Fax:    (800) 257-9128

On Thu, Jun 16, 2016 at 1:20 PM, Maria Savio <msavio@grr.com> wrote:

So what dates will work for you before discovery closes?  I will be happy to proceed on whatever day suits you prior to the close of discovery.

Maria Savio

270 Madison Avenue
New York, NY 10016
Phone: (212) 684-3900 Ext.250

*http://www.grr.com/*

<image010.png>   <image011.png>   <image012.png>

**From:** Carlos Leyva [mailto:cleyva@digitalbusinesslawgroup.com]
**Sent:** Thursday, June 16, 2016 7:37 AM

**To:** Maria Savio
**Cc:** Jonathan Purow; Marc Misthal
**Subject:** Re: Michael Parrella's Deposition Availability?

No. As previously explained, I am out of the country from 6/17 through 6/24 and my client's designated 30(b)(6) deponent is unavailable from 6/27 through 6/30.

Regards,

Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone: (800) 516-7903
Fax:     (800) 257-9128


On Wed, Jun 15, 2016 at 5:59 PM, Maria Savio <msavio@grr.com> wrote:

Is there any date from now to the close of discovery when both you and your 30b6 witness is available?


Maria Savio


<image009.png>

270 Madison Avenue
New York, NY 10016
Phone: (212) 684-3900 Ext.250

*http://www.grr.com/*


<image010.png>   <image011.png>   <image012.png>


**From:** Carlos Leyva [mailto:cleyva@digitalbusinesslawgroup.com]
**Sent:** Wednesday, June 15, 2016 5:45 PM
**To:** Maria Savio

**Cc:** Jonathan Purow; Marc Misthal
**Subject:** Re: Michael Parrella's Deposition Availability?

Yes that is exactly what I am saying. I am out of the country from 6/17 through 6/24 on a trip that has been planned for months. My client is unavailable on the dates specified.

The notice you provided is **not reasonable** under Federal Rules of Civil Procedure 30(b)(1).

The Court was generous in extending the discovery deadline ninety days. You could have provided reasonable notice months ago. However, you chose not to do that. You now wait to the last minute and expect that everyone should conform to dates that are convenient for you.

Regards,

Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone: (800) 516-7903
Fax:    (800) 257-9128

On Wed, Jun 15, 2016 at 5:32 PM, Maria Savio <msavio@grr.com> wrote:

So you are saying that neither you nor your 30b6 deponent is available from June 17 to the day discovery ends on June 29, and that specifically you are not available on June 21, the day that we noticed the deposition because you will be on holiday.

You are also saying that despite the deposition notice that we timely served on June 10, well before the deadline for the close of discovery, you will not make your client available until August because he is away on holiday on the alternative dates that we discussed, namely June 28 and 29th.

And you are further that you will oppose extending the discovery deadline so that your "offer" of the August dates is of no consequence?

Is a 30b6 deponent available on the date we noticed the deposition, namely June 21?  If so, perhaps you can have a colleague defend the depo so that we can stick to the Court's schedule.

The last minute?  We served a depo notice on June 10, 19 days before discovery is scheduled to close.  That is hardly the last minute.

Maria Savio

<image009.png>

270 Madison Avenue
New York, NY 10016
Phone: (212) 684-3900 Ext.250

http://www.grr.com/

<image010.png>   <image011.png>   <image012.png>

**From:** Carlos Leyva [mailto:cleyva@digitalbusinesslawgroup.com]
**Sent:** Wednesday, June 15, 2016 5:11 PM
**To:** Jonathan Purow; Maria Savio
**Subject:** Michael Parrella's Deposition Availability?

My client is not available on the dates you proposed. Further, my client has planned vacation and a busy travel schedule in July.

**The dates he could be available are August 15, 16, 18 and 30th**. Of course, the discovery deadline is at the end of June and you would have to move the Court for an extension.

We would oppose such a move.

We began negotiating on deposition dates months ago. We find it unacceptable that your client has waited until the last minute to attempt to set a date.

Regards,

Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone: (800) 516-7903
Fax:    (800) 257-9128

**Jonathan Purow**

| | |
|---|---|
| **From:** | Carlos Leyva <cleyva@digitalbusinesslawgroup.com> |
| **Sent:** | Wednesday, June 15, 2016 12:53 PM |
| **To:** | Jonathan Purow |
| **Cc:** | Marc Misthal; Maria Savio |
| **Subject:** | Re: Notice of Deposition for FCOM |

I have reached out to my client and am waiting a response. I will follow-up this afternoon if I don't hear back from them.

Regards,


Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone: (800) 516-7903
Fax:    (800) 257-9128

On Wed, Jun 15, 2016 at 12:47 PM, Jonathan Purow <jpurow@grr.com> wrote:

Carlos,


As you mentioned, you will be out of office starting on the 17th so we would like to schedule the deposition before then.


Please advise if either the 28th or 29th works for the deposition.


Thank you.

 Best regards,

**Jonathan M. Purow**

☎ +1 212 684 3900 ext. 261

---

**From:** Jonathan Purow
**Sent:** Monday, June 13, 2016 12:53 PM
**To:** 'Carlos Leyva'
**Cc:** Marc Misthal; Maria Savio
**Subject:** RE: Notice of Deposition for FCOM

Carlos,

We put a date on the notice, but assumed that we would work out a mutually convenient date as you had with us.

We propose June 28th or June 29th.  Please advise if either of those dates works for you and your client.

Thank you.



Best regards,

**Jonathan M. Purow**

☎ +1 212 684 3900 ext. 261

**From:** Carlos Leyva [mailto:cleyva@digitalbusinesslawgroup.com]
**Sent:** Monday, June 13, 2016 12:28 PM
**To:** Jonathan Purow
**Cc:** Marc Misthal; Maria Savio
**Subject:** Re: Notice of Deposition for FCOM

Jonathan,

Unfortunately I will be out of the country on a trip planned for months now from 6/17 through 6/24. Therefore the deposition will have to be rescheduled until after my return.

Please propose some dates that work for you after 6/27 and I will check on my client's availability.

As you know, when scheduling our deposition of Mr. Burke we did NOT unilaterally set a date, but rather worked with you and Maria to establish one that would work for both parties.

Based on comity I would have expected the same courtesy in return.

3

Regards,


Carlos Leyva, Esq.
The Digital Business Law Group, P.A.
www.digitalbusinesslawgroup.com
Phone: (800) 516-7903
Fax:    (800) 257-9128


On Fri, Jun 10, 2016 at 3:40 PM, Jonathan Purow <jpurow@grr.com> wrote:

Carlos,


Please find attached the Notice of Deposition for FCOM.  We are serving this today via mail as well.





Best regards,




**JONATHAN M. PUROW**

**Gottlieb, Rackman & Reisman, P.C.**

☎ [+1 212 684 3900 ext. 261](tel:+12126843900)

🏠 [www.grr.com](http://www.grr.com)

✉ [jpurow@grr.com](mailto:jpurow@grr.com)

🖂 270 Madison Avenue,

    New York, New York 10016

**Manhattan | Garden City | White Plains**

   

This message is intended solely for the use of the Addressee (s) and may contain information that is PRIVILEGED and CONFIDENTIAL.  If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please delete all copies of this message and any attachments and notify us immediately.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Gottlieb, Rackman & Reisman, P.C. for any loss or damage arising in any way from its use.  Thank You.