filed stamp at top right

```
FILED
CLERK
10/25/2016 2:44 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FC ONLINE MARKETING, INC.,

        Plaintiff,

  -against-

BURKE'S MARTIAL ARTS, LLC and
JOHN JACOB BURKE,

        Defendants.
------------------------------------------------------------X
BURKE'S MARTIAL ARTS, LLC,

        Third-Party Plaintiff,

   -against-

FC ONLINE MARKETING, INC.,

        Counterdefendant,

   -and-

MICHAEL PARRELLA,

        Third-Party Defendant.
------------------------------------------------------------X

**ORDER**
14-CV-3685 (SJF)(SIL)

FEUERSTEIN, District Judge:

    Pending before the Court are the objections of plaintiff FC Online Marketing, Inc. ("FCOM") to the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated September 30, 2016 ("the Report"), recommending (1) that the motion of defendants Burke's Martial Arts, LLC and John Jacob Burke (collectively, "defendants") seeking leave to file an amended answer and third party complaint be granted; and (2) that FCOM's motion to strike the amended answer and third party complaint be denied. For the

reasons stated herein, Magistrate Judge Locke's Report is accepted in its entirety.

I. DISCUSSION

A. Standard of Review

Generally, motions for leave to amend are considered to be nondispositive and subject to review under the "clearly erroneous or contrary to law" standard of Rule 72(a) of the Federal Rules of Civil Procedure, *see Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[a]s a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"); *Rienzi & Sons, Inc. v. Puglisi*, 638 F. App'x 87, 92 (2d Cir. Feb. 10, 2016) (summary order) (declining to consider the merits of the plaintiff's claim that the magistrate judge abused her discretion in denying its motion to amend its pleading because it failed to timely object to the magistrate judge's order pursuant to Fed. R. Civ. P. 72(a)), unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive. *See, e.g. Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. Feb. 8, 2012) (summary order). As Magistrate Judge Locke determined, *inter alia*, that defendants' motion to amend should be granted, thereby allowing them to assert additional defenses, counterclaims and third party claims, the motion is nondispositive and the Report is subject to review under Rule 72(a)'s "clearly erroneous or contrary to law" standard.

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a).

2

Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a). A party may not assign as error any defect in a magistrate judge's order to which he has not timely objected. Fed. R. Civ. P. 72(a).

B. FCOM's Objections

FCOM has not demonstrated that any part of Magistrate Judge Locke's Report is clearly erroneous or contrary to law. Contrary to FCOM's contention, it was not denied due process, as it is clear from both the docket entry and the text of defendants' letter motion filed May 3, 2016 that defendants were seeking leave to file an amended answer and third party complaint. (Docket Entry ["DE"] 92).

Also contrary to FCOM's contention, Magistrate Judge Locke did not "improperly conflate[] the Rule 16(b)/Rule 15 legal analysis, . . . or focus on only one Foman [sic] factor," (Obj. at 4), in granting defendants' motion for leave to amend. Rather, Magistrate Judge properly considered and determined, *inter alia*, that "[t]here was no undue delay," (Report at 14, 16); that "there is no indication of an improper motive," or bad faith, on behalf of defendants, (*id.* at 14, 16); that FCOM "has provided no argument whatsoever as to why the additional affirmative defenses and counterclaims in the Second Amended Answer and Third Party Complaint are futile[,]" (*id.* at 17); and that FCOM "does not identify any specific prejudice due to the timing of [defendants'] motion." (*Id.* at 18).

FCOM's remaining objections are likewise without merit and fail to demonstrate any basis upon which to modify or set aside Magistrate Judge Locke's Report, i.e., that any finding or

3

conclusion in the Report is clearly erroneous or contrary to law. Accordingly, upon consideration of FCOM's objections and reconsideration of the Report, the Report is accepted in its entirety and, for the reasons set forth therein, defendants' motion for leave to file an amended answer and third party complaint is granted; defendants' amended answer and third party complaint is accepted for filing *nunc pro tunc*; and FCOM's motion to strike the amended answer and third party complaint is denied.

II. CONCLUSION

For the reasons set forth herein, Magistrate Judge Locke's Report is accepted in its entirety and, for the reasons set forth therein, defendants' motion for leave to file an amended answer and third party complaint is granted; defendants' amended answer and third party complaint is accepted for filing *nunc pro tunc*; and FCOM's motion to strike the amended answer and third party complaint is denied.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 25, 2016
Central Islip, New York